IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TROY JAMES,<br><br>  Plaintiff,<br><br>  v.<br><br>DAVID KISSINGER AND JJGK TRUCKING, LLC,<br><br>  Defendants. | Case No. 24-2525-JAR-ADM |

**MEMORANDUM AND ORDER**

  Plaintiff Troy James brings this diversity action against defendants David Kissinger and JJGK Trucking, LLC (collectively, "defendants") for damages he suffered when a tractor-trailer driven by Kissinger and owned by JJGK Trucking, LLC collided with the tractor-trailer he was driving. This matter is before the court on Plaintiff's Motion for Leave to File First Amended Complaint. (ECF 28.) By way of the motion, James seeks to add allegations to the punitive-damages claim in his complaint (Count 4). For the reasons explained below, the motion is granted.

  On November 15, 2024, James filed this action against defendants, asserting negligence claims and a request for punitive damages based on Kissinger's "willful and wanton conduct." (ECF 1.) The court entered a scheduling order on March 7, 2025, which set April 25 as the deadline for filing motions seeking leave to amend pleadings. (ECF 20, at 2.) On April 25, James timely filed the present motion for leave to file an amended complaint. James's proposed amended complaint seeks to add additional allegations to his punitive-damages claim, specifically, that defendants did not properly inspect or maintain the brakes on the Kissinger-driven tractor-trailer. (ECF 28-1, at 9-10.) Defendants oppose amendment on the ground that "there is no evidence and

insufficient allegations in the proposed First Amended Petition to establish the requisite mental state of Defendants to permit punitive damages." (ECF 30, at 3.)

James filed his motion for leave to amend the complaint before the deadline set in the scheduling order (ECF 20), but more than 21 days after defendants responded to the complaint. In this situation, Federal Rule of Civil Procedure 15(a)(2) governs amendment. Rule 15(a)(2) directs the court to "freely give leave [to amend] when justice so requires." In freely allowing leave to amend, the court provides litigants with "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Warnick v. Cooley,* 895 F.3d 746, 755 (10th Cir. 2018). The Supreme Court has said that Rule 15's directive to "freely give leave" is a "mandate . . . to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, the court may only deny leave to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *U.S. ex rel. Ritchie v. Lockheed Martin Corp*., 558 F.3d 1161, 1166 (10th Cir. 2009) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Practically speaking, the party opposing a motion to amend bears the burden to demonstrate why the amendment should not be permitted. *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (holding that in the absence of such a showing, amendment should be allowed). Ultimately, whether to grant a motion to amend lies within the court's discretion. *Warnick*, 895 F.3d at 755.

Defendants assert that the court should deny leave to amend because James will not be able to satisfy the Kansas legal requirements for a punitive-damages award. The court construes this as an argument that the court should deny leave to amend because of the "futility of amendment." "A proposed amendment is futile if the amended complaint would be subject to dismissal." *Little*

*v. Portfolio Recovery Assocs., LLC*, 548 F. App'x 514, 515 (10th Cir. 2013). In this context, the court considers whether the amended complaint could withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1487 (3d ed.) (collecting cases). To withstand dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In analyzing whether dismissal is appropriate, the court must "accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

After reviewing James's proposed additions to his punitive-damages claim, the court does not find them clearly futile. James asserts that defendants' failure to inspect the tractor-trailer's brakes showed a "reckless disregard" for an "imminent danger." (ECF 28-1, at 9.) These allegations might be enough to support punitive damages under Kansas law. *See Gould v. Taco Bell*, 722 P.2d 511, 518 (1986) ("We have defined a 'wanton act' as something more than ordinary negligence but less than a willful act. It must indicate a realization of the imminence of danger and a reckless disregard and indifference to the consequences."). To be clear, the undersigned is not deciding whether the amended claims ultimately would survive a subsequent challenge. *See Bailey v. Indical Mgmt., LLC*, No. 19-1283-HLT-TJJ, 2020 WL 1151317, at *3 (D. Kan. Mar. 10, 2020) ("This does not mean the amendments will survive a dispositive motion in the future, just that the proposed amendments do not appear clearly frivolous."). Rather, the court simply finds that defendants have not met the "high bar" of establishing that the amendments are *clearly* futile. *Prairie Band Potawatomi Nation v. Morse*, No. 24-4066-KHV-RES, 2025 WL 823246, at *4 (D. Kan. Mar. 14, 2025) (citing *Phelps v. State of Kan.*, No. 23-2206-DDC-RES, 2025 WL 743975, at

*6 (D. Kan. Mar. 7, 2025) ("In order to deny a motion to amend on the basis of futility, the court requires more than a possibility that the claim would not survive a motion to dismiss; it must be established that the claim would be dismissed.")). This ruling does not preclude defendants from renewing arguments via a motion to dismiss filed in response to the amended complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (ECF 28) is granted.

**IT IS FURTHER ORDERED** that James must file his first amended complaint as a separate docket entry by **May 9, 2025**.

Dated May 2, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge